IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. 17-0077 (JBS) |
| TONY WILSON | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's "Motion to Modify Conditions of Release." [Doc. No. 40]. The Court received the government's opposition [Doc. No. 41] and held a hearing and oral argument on April 5, 2017. The issue to be addressed is whether this defendant who is awaiting sentencing on June 16, 2017, after pleading guilty to two felony charges, and who is currently housed at a reentry facility in Newark, New Jersey, may be released on bail to work outside the facility. For the reasons to be discussed defendant's motion is GRANTED.

Background

Defendant was arrested on August 5, 2016, by the Camden City Police. On September 9, 2016, a federal complaint was filed [Doc. No. 1] and defendant was taken into federal custody. Thereafter, defendant moved for release from custody. [Doc. No. 12]. The government moved for detention and steadfastly objected

1

to defendant's release. [Doc. No. 14]. Defendant's motion resulted in substantial background and investigative work and several bail hearings. On December 21, 2016, the Court Ordered defendant released on conditions. See Condition of Release Order [Doc. No. 23]. The unique aspect of defendant's bail was that he was released to be placed in a Residential Reentry Program, owned and operated by GEO Group, Inc., in Newark, New Jersey. To the best of the Court's knowledge, defendant was the first New Jersey pre-trial detainee to be placed in this program. He also is the first GEO placement who pleaded guilty but is awaiting sentencing. Amongst defendant's 26 conditions of release was the requirement that he be barred from leaving the facility except for court and medical purposes to be expressly approved by U.S. Pretrial Services. Id. at ¶4. Due to contractual complications, defendant was not placed in GEO's facility until on or about January 24, 2017. By all accounts defendant has complied with his conditions of release and has been an active and willing participant in GEO's rehabilitation programs. See Mot. at 5.

On March 7, 2017, defendant pleaded guilty to a two-count information. [Doc. No. 38]. Count One charged defendant with conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C), in violation of 21 U.S.C. § 846. Count Two charged defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Bail was ordered to remain the same. Defendant's sentencing is scheduled on June 16, 2017 before the Honorable Jerome B. Simandle, Chief, U.S. District Judge.

Defendant's present motion seeks to modify his bail to permit him to work outside the reentry facility as a part of GEO's Residential Reentry Program.[1] As presented at the April 5, 2017 hearing, defendant proposes to work at the Regional Garbage Company in Elizabeth, New Jersey. Mot. at 5. Defendant will be subject at all times to GPS monitoring.[2] At the April 5 hearing the Court heard from defendant's Case Manager, Mr. Walton, and GEO's Job Developer, Mr. Dobson. They both impressed the Court with their knowledge, experience and professionalism. They both also attested to defendant's good behavior and opined that defendant was a good candidate to be released to work.

Defendant objects to releasing defendant to work outside the GEO facility. Two main issues were addressed at the April 5,

---

[1] Subsequent to the April 5 hearing, Pretrial Services asked the Court to permit defendant to leave the GEO facility for educational purposes and for other activities to prepare for employment as approved by Pretrial Services.

[2] Defendant will be a helper on a recycling truck that will drive through neighborhoods to pick up recycling materials. He will be required to report to GEO by phone three times per day. He will be outside the GEO facility five (5) days per week from 6:30 p.m. to 7:30 a.m.

2017 hearing. First, whether the Court had the authority to Order defendant released to work and, if so, the legal standard that must be met. The second issue addressed was whether defendant met the standard to be released. Since defendant has pleaded guilty and is awaiting sentencing, the parties agree these issues involve 18 U.S.C. § 3143(a) and § 3145(c). This Order supplements the Court's April 5, 2017 Oral Opinion granting defendant's motion.

Discussion

The Court holds that it has the discretionary authority to release defendant if the necessary statutory criteria are met. As an initial matter, it is apparent that § 3143(a)(2) provides no relief to defendant. Under this section a prerequisite to releasing defendant is either "a substantial likelihood that a motion for acquittal or new trial will be granted," or "the Government has recommended that no sentence of imprisonment be imposed" on defendant. See 18 U.S.C. § 3143(a)(2). Defendant does not quarrel that neither of these conditions exist. Therefore, defendant's only hope for relief is § 3145(c) which states:

> **Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under

> appropriate conditions, by the judicial officer, if it
> is clearly shown that there are exceptional reasons
> why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). When read in conjunction with § 3143(a)(1), the language of § 3145(c) permits a judicial officer to release defendant upon a showing by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community, and that there are exceptional reasons why detention pending sentencing is inappropriate.

The authority under § 3145(c) is mixed. The majority or "lopsided" view holds that judicial officers may release convicted individuals pending sentencing for "exceptional reasons." United States v. Williams, 903 F. Supp. 2d 292, 298 (M.D. Pa. 2012). The minority view holds that the "exceptional reasons" provision of § 3145(c) only provides discretionary authority to release to U.S. Courts of Appeal. Id. at 296-98. The Third Circuit has not yet addressed whether a district court can order a convicted defendant's release for "exceptional reasons" pursuant to § 3145(c). Id. at 296. However, the Court adopts the cogent reasoning in Williams, supra, and holds it has the authority to release defendant for "exceptional reasons."

The court in Williams began its analysis by noting that the Bail Reform Act provides a statutory definition of "judicial officer" as used in § 3145(c). Id. at 298 ("In fact, the Bail

Reform Act defines 'judicial officer' as 'unless otherwise indicated, any person or court authorized ... to detain or release a person before trial or sentencing or pending appeal in a court of the United States ....") (quoting 18 U.S.C. § 3156(a)(1). Further, the court noted that the term "judicial officer" is used throughout the Bail Reform Act to refer to "judges at all levels of the judicial system." Id. (citing United States v. Price, 618 F. Supp. 2d 473, 479 (W.D.N.C. 2008)). When taken in context with § 3141, the Williams decision and this Court agree that the final sentence of § 3145(c) authorizes district and appellate courts to release a defendant prior to sentencing upon a finding of exceptional reasons. Id. at 299.[3]

---

[3] The court in Williams also relied upon the legislative history of § 3145(c) to support its ruling:

> An earlier version of the "exceptional reasons" provision in § 3145(c) stated that it could be applied by a "court of appeals or a judge thereof." 136 Cong. Rec. S6, 491 (daily ed. May 17, 1990) (Section 1152— Mandatory Detention). In the final version, this language was change to "judicial officer." If Congress had intended to limit the "exceptional reasons" provision to circuit judges, there would have been no reason to modify the original language. In essence, Congress moved from a more specific jurisdictional application of the "exceptional reasons" provision to a more general one. This strongly suggests that Congress intended to vest both district courts and appellate courts with discretionary authority to release convicted defendants under § 3145(c).

Id. at 300-31.

To the extent there may be some misunderstanding from the title of § 3145(c) which states, "Appeal from a release or detention order," <u>Williams</u> reasoned there is nothing "illogical" about the placement of the title. <u>Id.</u> ("To the contrary, it simply reflects the practical necessity of permitting district courts to undertake the threshold analysis of exceptional reasons."). Accordingly, <u>Williams</u> held that the express language of § 3145(c) clearly and unambiguously provides district judges with the discretionary authority to release defendants pending sentencing.[4] <u>Id.</u> at 298.

Insofar as what constitutes "exceptional reasons," the Court looks to <u>United States v. Epstein</u>, Cr. No. 14-287 (FLW), 2016 WL 1435717 (D.N.J. April 12, 2016).[5] Although the Court

---

[4] As noted, the Court adopts the above reasoning from <u>Williams</u>. The issue remains, however, whether Magistrate Judges in addition to District Judges have the discretionary authority to release defendants before sentencing. Subsections (a) and (b) of § 3145 include language referring to a "judge of a court having original jurisdiction" and "magistrate judge." <u>See</u> 18 U.S.C. § 3145(a), (b). Rather than using these terms to delineate the scope of the discretionary authority under § 3145(c), Congress chose the term "judicial officer." If Congress intended to exclude Magistrate Judges from exercising discretionary authority, it would not have used the term "judicial officer" which includes Magistrate Judges. Accordingly, the Court holds that it has the discretionary authority to release defendants before sentencing as set forth in § 3145(c).

[5] The Court notes that the defendants in <u>Epstein</u> were seeking bail pending appeal of their convictions and, thus, the Court discussed "exceptional reasons" in conjunction with § 3145(b). <u>Epstein</u>, at *1. In the present matter, defendant seeks bail pending his sentencing; however, the Court holds that the

noted the Third Circuit has not provided guidance on what constitutes "exceptional reasons," it looked to the Ninth Circuit's multi-factored test. Id. at *2 (citing United States v. Garcia, 340 F.3d 1013, 1018-22 (9th Cir. 2003)). The Court noted the test under § 3145(c) is "flexible" and involves a "fact-intensive inquiry within the discretion of the court" for which a case by case evaluation is essential. Id. (citations and quotations omitted). Further, the burden is on the defendant to show by clear and convincing evidence why his detention would not be appropriate based on exceptional reasons. Id. Moreover, exceptional requires something "out of the ordinary, uncommon or rare." Id.

Based on Williams and Epstein, the Court holds that it may release defendant to work if he shows by clear and convincing evidence that he will not flee, that he will not be a danger to the safety of any other person or the community, and that there are "exceptional reasons" why detention is not appropriate. The Third Circuit has defined the clear and convincing evidence standard as "evidence so clear, direct, weighty, and convincing

---

parameters of "exceptional reasons" under § 3145(c) do not change whether the reasons are analyzed in conjunction with subsection (a) or (b) of § 3143. This is so because the pertinent language of the subsections mirror each other. Compare 18 U.S.C. § 3143(a)(1) ("[T]he judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...."), with 18 U.S.C. § 3143(b)(1)(A) (providing the same language as § 3143(a)(1)).

as to enable a clear conviction[.]" <u>Kendall v. Daily News Pub.</u> <u>Co.</u>, 716 F.3d 82, 92 (3rd Cir. 2013) (internal citations omitted).

For the reasons stated on the record on April 5, 2017, the Court finds defendant has satisfied the criteria to be released. With regard to the possibility of whether defendant may flee or be a danger, the Court notes defendant does not have a long or violent criminal history, the defendant has progressed well at GEO since his placement, defendant does not have the resources to flee nor a place to go, defendant has a substantial incentive to comply with his conditions of release given his upcoming sentencing and the possibility of favorable treatment if he "behaves," defendant's whereabouts will be constantly monitored by GPS, defendant is far away from Camden, Pretrial Services recommends defendant be released, and GEO's professionals, including defendant's case manager who has day-to-day contact with defendant, vouch for defendant.

As to why exceptional circumstances exist to release defendant to work, the Court has been informed defendant is the first pre-trial detainee to be housed at GEO and has done everything asked of him, defendant has a substantial incentive to comply with his conditions of release, GEO's professionals vouch for defendant, Pretrial Services recommends defendant be released, and defendant is being given a chance at advancement

and redemption that may never have been afforded to him in his life. Further, defendant will be placed on GPS monitoring to verify his whereabouts at all times. The case is also exceptional because this will be defendant's first genuine employment.

"[E]xceptional reasons review is limited to determining whether remanding the defendant to custody ... would be tantamount to subjecting individuals to unjust detention." Epstein, 2016 WL 1435717, at *2 (citation and quotation omitted). Under the present circumstances, where defendant has done everything asked of him, where informed professionals recommend defendant be released to work, and where the Court has an opportunity to set the defendant on the "right track," the Court finds it would be unjust to detain defendant. Given the "wide latitude" and discretion the Court has to find exceptional reasons in a given case, the Court finds defendant has satisfied his burden of proof. Id.[6]

Conclusion

For all the foregoing reasons, defendant's motion will be granted.

---

[6] The Court does not accept the government's argument that defendant is being treated more favorably than similarly situated defendants. Each case stands on its own facts and no two defendants are exactly alike. Also, after extensive scrutiny by Pretrial Services, defendant was the only candidate recommended to this Court for placement in GEO's facility.

**O R D E R**

Accordingly, it is ORDERED this 7th day of April 2017, that defendant's "Motion to Modify Conditions of Release" so that defendant may be released from GEO's facility to work is GRANTED. The precise conditions that are imposed are set forth in the transcript of the April 5, 2017 hearing and this Order, subject to non-material changes or additions approved by U.S. Pretrial Services; and it is further

ORDERED that if the government decides to appeal this Order it shall do so by April 12, 2017.[7] This Order is stayed until April 12. If the government does not file a timely appeal this Order shall be in full force and effect.[8] If the government appeals this Order the Order shall not be effective until the appeal is decided.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[7] The government has already informed the Court that it will appeal this Order.
[8] At this time the Court will not Order defendant released for educational purposes. The Court wants to be assured appropriate conditions are in place before this occurs. This issue was not specifically addressed at the April 5, 2017 hearing. The Court did not intend to give defendant "free rein" when he is released from GEO's custody.