[Dkt. Nos. 64, 68]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

```
_____
                                :
UNITED STATES OF AMERICA,       :
                                :
          v.                    :  Crim. No. 17-077 (RMB)
                                :
TONY WILSON                     :  OPINION
_____:
```

This matter comes before the Court upon Defendant Tony Wilson's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). Defendant Wilson is currently serving his sentence at Allenwood Low Prison in Allenwood, Pennsylvania, with a projected release date of January 15, 2024, and a home detention eligibility date of July 15, 2023.  The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On March 7, 2017, Mr. Wilson pled guilty to a two count information charging Defendant with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(b)(1)(c), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The Court sentenced Defendant to 96 months of imprisonment.

1

In support of his Motion, Defendant submits that he suffers from hypertension and he is overweight. A combination of hypertension and an overweight disorder increases his risk of serious illness should he become infected with COVID-19, Wilson contends. Moreover, Wilson asks the Court to consider the fact that since the filing of his initial motion, there has been a "severe outbreak" at FCI Allenwood Low, and 136 inmates and staff members have tested positive. [Dkt. No. 73].

The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release. Although Defendant suffers from being slightly overweight and having hypertension, these are conditions the CDC recognizes might be an increased risk, and the BOP is well equipped to treat Defendant S medical needs. [Dkt. No. 77]. Moreover, it also has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus. It is set forth at length in the Government's Response. See Govt. Opp., Dkt. No. 72, at 3-4)

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

2

and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory

3

requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his administrative remedies.  United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).  The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and

4

compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

    (I)  suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C). The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant's medical conditions are not among the categories of conditions recognized by the CDC as entailing a greater risk of serious illness. Although these conditions fall within the second set of identified health conditions for which persons might be at an increased risk, there is no evidence put before this Court to demonstrate that his medical conditions are not being treated. Evidence demonstrates that Defendant is being treated for his hypertension.

Moreover, the record before this Court demonstrates that the BOP is undertaking efforts to contain the COVID-19 outbreak at FCI Allenwood Low. While the Court agrees with Defendant that the numbers are alarming, the record supports the conclusion that the recent surge of positive cases has been

6

addressed, and BOP efforts to contain the spread of the virus are working. On November 13, 2020, the Government advised there were 0 positive cases. See Dkt. No. 72, at 9. By December 23, 2020, counsel for Defendant advised there were 136 inmates and 9 staff members who have tested positive. See Dkt. No. 73. Yet, by January 4, 2021, the date of this Opinion, there are 57 inmates and 9 staff who are positive. Thus, while the numbers are concerning, BOP's efforts to control the spread seem to be working. The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). The crimes committed by Defendant were particularly heinous - - the distribution of crack cocaine on a regular basis to addicts in and around Camden, inflicting farther destruction on a city plagued by drug activity. To make matters more egregious, he possessed a handgun in furtherance of his trafficking activities, thereby increasing the risk of violence.

7

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction. As set forth in the Government's opposition, the Defendant has little regard for the rule of law. The facts surrounding his criminal conduct are troubling, and the fact that he violated conditions of his pre-trial release give little confidence that he will abide by conditions of release. For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.

The Court has reviewed the record, and given the substantial time remaining on the Defendant's sentence, cannot find that the §3553(a) factors warrant his release. Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge

Dated: January 4, 2021